# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEON D. JENKINS, #286150,           )<br>                                                         )<br>                           Petitioner,   )<br>                                                         )<br>v.                                                      )<br>                                                         )<br>JON OZMINT, SCDC DIRECTOR,)<br>HENRY D. MCMASTER,                  )<br>ATTORNEY GENERAL FOR         )<br>SOUTH CAROLINA,                        )<br>                                                         )<br>                           Respondents.  )<br>_____) | CIVIL ACTION NO. 0:05-1762-HFF-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on June 16, 2005.[1]

The Respondents filed a return and motion for summary judgment on August 30, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 31, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to file a response, Petitioner filed a memorandum in opposition to Respondents' motion on November 7, 2005.

A review of the materials filed with the Court revealed that Petitioner had a post-conviction relief application (APCR) which was still pending in state court. The undersigned

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed July 11, 2005.



therefore issued an order directing Respondents to file a supplemental memorandum addressing the current status of Petitioner's APCR. That supplemental memorandum was filed on December 7, 2005, following which Petitioner filed a reply memorandum on December 23, 2005. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in February 2001 in Lancaster County for criminal sexual conduct, 1st degree (Indictment No. 01-GS-29-232) and in July 2002 in Lancaster County for assault and battery with intent to kill (ABIK) (Indictment No. 02-GS-29-898). Petitioner was represented by Ross A Burton, Esquire, and entered a guilty plea to assault and battery with intent to kill and criminal sexual conduct, 2nd degree, on August 6, 2002. These pleas were entered pursuant to a negotiated sentence of seven (7) years concurrent on both charges. The judge sentenced Petitioner to two (2) concurrent terms of six and one-half (6½) years. Petitioner did not appeal his conviction or sentence.[3]

On May 22, 2003, Petitioner filed his APCR in state court, asserting the following claim:

1. Denial of my Six Amendment right to the effective assistance of counsel;

   a) My counsel did not discuss the case with me or investigate a line of

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]This procedural history was set out in the Respondents' brief. Although the state court records to support the background facts outlined in this paragraph have not been submitted, this history has not been disputed by the Petitioner.



defense.

See Application, § 9.

Laura W. Robinson, Esquire, was originally appointed to represent the Petitioner in his APCR. See Respondents' Attachments. An evidentiary hearing was scheduled for September 9, 2003; however, Robinson was relieved as counsel prior to the hearing.[4]  Petitioner then apparently made a motion for continuance because appointed counsel had been relieved.[5] Petitioner's motion was granted. Although the Respondents represent that the court then appointed Brian Trimnal to represent the Petitioner on November 4, 2003, no record of this appointment has been submitted to the Court. Rather, a court order has been submitted as an exhibit showing that William R. Sims, Esquire, was appointed to represent the Petitioner on November 13, 2003. The evidentiary hearing was then re-scheduled for the week of February 25, 2004, the next term of post-conviction relief hearings. However, Petitioner's counsel made a motion for a continuance due to his recent appointment, and the continuance was granted. See Order dated February 23, 2004.

Petitioner's evidentiary hearing was re-scheduled for August 10, 2004, the next term of post-conviction relief hearings. However, at that hearing Petitioner's counsel again moved for a continuance, which was granted over the State's objection. See Order dated September 2, 2004. The next scheduled term for post-conviction relief was the week of February 28, 2005. However,

---

[4]Petitioner contends that he was not notified that Robinson was his counsel until he received a copy of her proposed order requesting to be relieved. He also questions the circumstances under which she was relieved. There are no reasons listed in the order relieving her.

[5]Although Petitioner contends that he did not request a continuance, the Respondents have submitted a copy of the Judge's order which specifically states Petitioner moved for a continuance. See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) [federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue].



Respondents represent to the Court that because the PCR judge scheduled to preside during that term was Petitioner's trial judge, Petitioner's evidentiary hearing could not be heard during that term. See Floyd v. State, 400 S.E.2d 125 (S.C. 1991)[automatic recusal when state PCR applicant requests to recuse the plea/trial judge from hearing the PCR case].[6] The matter was instead scheduled for a hearing during the August 8, 2005 term of court.

On April 25, 2005, the Petitioner filed a pro se Petition for Writ of Habeas Corpus in the original jurisdiction of the South Carolina Supreme Court. In this pro se petition, Petitioner asserted that:

1. [T]he Lancaster County Court of General Sessions was without subject matter jurisdiction to accept his plea to these charges. Petitioner alleges that the solicitor's failure to file two indictments with the Clerk of Court deprived the court of subject matter jurisdiction. Petitioner has been convicted, and sentenced in a court which had no jurisdiction of the subject matter to accept his plea. Because of the solicitor's failure to file the indictments with the court pursuant to [SCRCrim. Procedure] Rule 3(C), the court was deprived of subject matter jurisdiction.

2. It is well established and settled law in the United States Constitution, that no person may be held to answer for any crime unless on presentment or indictment of a grand jury of the county where the crime has been committed. However, no indictment may be True Billed by the Grand Jury when Circuit Courts lack jurisdiction since the Grand Jury's jurisdiction is coextensive with the criminal jurisdiction of the Court in which it is impaneled and for which it is to make inquiry.

    The Petitioner is illegally imprisoned, was illegally indicted, convicted and sentenced, all in violation of his constitutional rights to be free from such arbitrary actions. Thus Petitioner's conviction must be voided, and Petitioner immediately released from this present unlawful confinement.

---

[6]No court record of a recusal has been provided. However, there does not appear to be any dispute that the PCR judge for this term was Petitioner's trial judge.



> The Petitioner has exhausted his remedies by filing an Application for Post-Conviction Relief in April, 2003 at which time he claimed ineffective assistance of counsel...Petitioner contends that he has exhausted his remedies, as because of the inordinate delays in the State procedures, that the State's process is ineffective to Petitioner's rights and therefore should be excused from any further exhaustion attempts as a prerequisite to seeking relief from this Court.

See Petition.

On May 18, 2005, the South Carolina Supreme Court denied Petitioner's state petition for writ of habeas corpus because Petitioner had not shown that "there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." See Order dated May 18, 2005.

Petitioner then filed this pro se Petition for writ of habeas corpus in the United States District Court on June 30, 2005 (Petition dated June 15, 2005), raising the following issues:

> Ground One: Ineffective Assistance of Counsel
>
> (1)  Petitioners counsel was ineffective because he failed to fully investigate the case and review all documents contained therein.
>
> (2)  Petitioners counsel was ineffective because he failed to motion to quash the indictments heretofore cited, and bring it to the attention of the Court that the indictments were defective, thus divesting the Court of Subject Matter Jurisdiction to accept a plea in this matter.
>
> Ground Two: Court Lacked Subject Matter Jurisdiction to Accept Plea
>
> Solicitor failed to file Petitioner's indictments with the Clerk of Court as he was required and mandated to do pursuant to Rule 3(c) of the South Carolina Rules of Criminal Procedure which deprived the court of subject matter jurisdiction to accept Petitioner's plea.  This Rule (Rule 3(c)) requires that the Solicitor shall take action on the warrant within 90 days by (1) preparing an indictment for presentment to the Grand Jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number and presented to the Grand Jury. Petitioner's indictments were never filed with the Clerk as this rule mandates.

See Petition, pp. 6-8.



Petitioner's APCR proceeded to hearing in state court on August 10, 2005. However, Petitioner filed a motion to have Sims relieved as his counsel, and the PCR judge issued an order relieving Sims at the hearing.[7] The case was then continued to the next term of court. See Order dated October 27, 2005. On November 8, 2005, the Clerk of Court for Lancaster County entered an Order of Appointment of Legal Counsel appointing Francis Griggs, Esquire, as counsel for the Petitioner. See Order of Appointment.[8] Respondents represent that, pursuant to the Office of South Carolina Court Administration, the next term of PCR court for Lancaster County is set for the week of February 27, 2006.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that this Petition is subject to dismissal as Petitioner failed to exhaust his state remedies before filing this federal petition. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not

---

[7]The Petitioner had previously made a request on October 19, 2004, to terminate counsel. See Letter from Petitioner dated October 19, 2005. The year date of 2005 appears to be a scrivener's error since Sims had already been relieved as counsel by October 19th. The correct year should apparently be 2004.

[8]Petitioner will actually be represented by Mark Grier, Esquire. See Letters dated November 21, 2005 and November 23, 2005.

6



mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, it is undisputed in the records and other materials filed with this Court that Petitioner has not exhausted his state court remedies, as his state APCR is still pending. In his response (and in his Petition), Petitioner argues that he is being prejudiced by the delay in scheduling of his state hearing, and that he should therefore be deemed to have exhausted his state court remedies and allowed to proceed with his claims in this Court. However, although an inordinate delay or inaction at the state level can be a circumstance rendering state remedies ineffective, the undersigned does not find that this case warrants application of this exception to the exhaustion rule.

Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought after all of his remedies in the courts of the State of South Carolina have been exhausted. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). While Petitioner is correct that an inordinate delay in the adjudication of a state post-conviction remedy may constitute a denial of due process cognizable in federal habeas corpus; see United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984), citing Layne v. Gunter, 559 F.2d 850, 851 (1st Cir. 1977), cert. denied, 434 U.S. 1038 (1978); this case does not yet rise to the level of a denial of due process. The record before the Court reflects that Petitioner has himself, through counsel, requested continuances which have been granted; that he has also himself requested that his



previous counsel be relieved, which motion was also granted;[9] that he has newly appointed counsel[10]; and that his APCR is apparently scheduled for a hearing in February 2006. Hence, it appears that Petitioner's case is proceeding at this time. Cf United States v. Johnson, 732 F.2d at 381-382 [discussing factors to be considered for claim of inordinate delay]; see also Varner v. Duckworth, 1996 WL 508619 at **1-2 (7th Cir. 1996)[prospective twenty-one month delay caused by trial court's schedule of the evidentiary hearing did not constitute an inordinate delay thereby excusing Petitioner's failure to exhaust.]; Fletcher v. Morgan, 1991 WL 73243 at **2 (6th Cir. 1991)["Although we do not reject out of hand (Plaintiff's) assertion that unreasonable and inordinate delay in a state's processing of a petitioner's application for post-conviction relief may excuse the exhaustion requirement, the sixteen-month delay as alleged by (Petitioner) at this time is not in itself so unreasonable as to conclude that the state's remedy is ineffective.").

Title 28 U.S.C. § 2254(b) states, "[a]n application for writ of habeas corpus…shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process, and, as indicated, the undersigned does not find that such process is at this point ineffective in protecting Petitioner's rights. Further, as it is clear that Petitioner's state APCR is still actively being pursued, Petitioner has failed to exhaust

---

[9]Petitioner argues in his brief that he was ready to proceed pro se at the scheduled August 10, 2005 hearing; however, the Court's order makes no reference to any such request. Nor would the Court's issuing an order for continuance based on new counsel being appointed or due to lack of a key witness be improper.

[10]Petitioner has been furnished a copy of the court's appointment of his new counsel.

8



his state court remedies. Having himself chosen to pursue collateral relief in State court, Petitioner may not now simultaneously maintain a federal writ. Additionally, by pursuing a federal remedy at this time, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state proceedings that he may want to bring in the future, because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982). Therefore, this Petition should be dismissed, without prejudice.

## Conclusion

Based on the foregoing, it is recommended that Petitioner's Petition be **dismissed**, without prejudice, for failure to exhaust his state court remedies. Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (c). **Respondents are directed to serve a copy of this report and recommendation on Petitioner's current PCR counsel so that he will be advised of Petitioner's desire to proceed expeditiously in state court.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 6, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, *but* *not* *thereafter*, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
